UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN SANTOS, | ) | CASE NO.  1:08CV1105 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Juan Santos filed a petition in the United States District Court for the Southern District of New York on March 3, 2008. *Santos v. United States*, No.1:08-cv-2070 (S.D. NY 2008). Because the pleading appeared to challenge the execution of petitioner's sentence and he was confined in the Federal Satellite Low Elkton in Lisbon, Ohio ("F.S.L. Elkton"), the court directed Mr. Santos to either withdraw his petition or have it construed as a petition filed pursuant to 28 U.S.C. § 2241. Petitioner consented to have the matter construed as a § 2241 petition and the case was transferred to this court by order dated May 1, 2008.

In his present petition against the United States, Mr. Santos claims he is entitled to jail credit based on a stipulation imposed at the time he was sentenced in the United States District Court for the Southern District of New York.

BACKGROUND

Petitioner was arrested by local police in New York on December 12, 2002. A week later, a federal detainer was placed on him and he was held without bail. He claims he "went on a

writ" to federal court on June 3, 2003,[1] where he was sentenced to 73 months in prison on October 26, 2006.

On November 21, 2006, petitioner was transported to the State of New York to await sentencing, which occurred on December 18, 2006. At that time, it appears the state court provided credit for "time served" on Mr. Santos's state sentence and indicated that the sentence expired December 9, 2005, thereby crediting his state sentence from the date of his arrest on December 12, 2002, to almost three years thereafter on December 9, 2005. Mr. Santos was returned to federal prison in March 2007.

Sometime after his placement in F.S.L. Elkton, Mr. Santos complained that he received two sets of sentencing computation data. The first indicated a release date of September 21, 2008 and the second indicated a release date of March 30, 2011. He claims he is entitled to be released in September 2008, but the Bureau of Prisons (BOP) refuses to acknowledge the sentencing court's Judgment and Commitment Order which states: "the Court understand[s] the Defendant is to receive credit for time spent in federal custody since the date of his arrest on June 4, 2003, and credit for time spent in state custody since the date of his arrest on December 12, 2002." (Pet.'s Ex. C., J. Crim. Case.)

Mr. Santos challenged the BOP's position by fully exhausting his administrative remedies, beginning on September 2, 2007. He requested a new computation of his sentence based on the belief that he was "basically" in federal custody starting from June 5, 2003. As support for his assertion, he cited the district court judge's notation on his Judgment and Commitment, as well as the fact that he believed his state and federal sentences were to run concurrently. The BOP

---

[1]The court presumes the petitioner was transferred to federal court on a writ of habeas corpus *ad prosequendum*

denied his requests for relief based on its determination that petitioner was serving his state sentence from the time of his arrest in December 2002, until December 9, 2005. Because the statute for sentencing credit prohibits "double counting credit," the BOP explained that petitioner was not entitled to receive additional credit on his federal sentence for the same time period. (Ltr. from Watts to Santos of 12/5/07.) Moreover, petitioner's federal sentence did not commence until the date it was imposed, or October 26, 2006. Because Mr. Santos's state sentence was being served from December 12, 2002 until December 9, 2005, the BOP determined that credit should be applied to his federal sentence from the date his state sentence expired, December 10, 2005, until the date his federal sentence was imposed on October 26, 2006.

Mr. Santos now argues that he is entitled to federal sentencing credit from June 5, 2003 because he was in federal custody from that date until the court imposed his federal sentence on October 26, 2006. To support for his position, he directs the court's attention to a Certificate of Disposition Indictment from the Supreme Court of New York , dated August 21, 2007, signed by the Court Clerk. The clerk certifies that petitioner was convicted of "conspiracy" in state court on November 27, 2006, after entering a guilty plea. On December 18, 2006, he was sentenced by the state to 1 - 3 years imprisonment. Under "Additional Comments:" on the Certificate it states simply "CONCURRENT WITH FEDERAL SENTENCE." (Pet.'s Ex. D., Cert. Disp. Ind.)

Mr. Santos believes his federal and state sentences should run concurrently. Based on this belief, he thinks he is entitled to "credit" on his federal sentence from June 5, 2003, not December 5, 2005. For reasons not clearly articulated, petitioner believes he "did not serve any state sentence in the state at any given time becuase [sic] the aforementioned sentence is to run concurrent with the federal sentence." (Pet. at 3.) He cites *Willis v. United States*, 438 F.2d 925 (11th Cir. 1971) for the proposition that he was kept him in custody after his arrest by state

3

authorities because of a federal detainer. As such, he claims his federal sentence should be credited

from the time he was transferred to federal court via writ of habeas corpus *ad prosequendum*.[2]

### 28 U.S.C. § 2241

Claims seeking to challenge the execution or manner in which the sentence is

served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C.

§ 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925

F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.

1977). Here, this court has personal jurisdiction over the petitioner's custodian, Warden Shartle, at

F.C.I. Elkton, Ohio. It is clear, too, that petitioner is challenging the manner in which the BOP is

executing his sentence, an issue over which this court has subject matter jurisdiction.

The petition and the BOP response attached thereto show no disagreement on any

particular point except the result. Because Mr. Santos's federal sentence did not begin until he was

received into federal custody, *see* 18 U.S.C. § 3568, the BOP correctly concluded that petitioner's

federal sentence did not begin until he was sentenced on October 26, 2006.[3] Petitioner fails to

---

[2]In *Willis*, the Eleventh Circuit remanded a case to district court when the petitioner argued he should be accorded credit on his federal sentence for his presentence custody. He alleged he was free on bail on federal charges until the state arrested him. This resulted in the revocation of his federal bail and bail on his state charges was precluded by the lodging of a federal detainer against him. The court held that since he was denied relief on bail because a federal detainer was lodged against him, the time he "spent in custody" was in connection with the federal offense.

[3]The statute provides, in relevant part:

> Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. §3568(a).

recognize that his state sentence was satisfied before his federal sentence commenced.

*Sentencing Credit*

After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment [. . .] shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Under 18 U.S.C. § 3585, an offender has a right to certain jail-time credit. *See* 18 U.S.C. § 3585(b).[4] Because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons"). Therefore, the district court's notation on Mr. Santos's Judgment and Commitment could only suggest that the BOP, not the district court, would determine his entitlement to custody credit pursuant to § 3585(b).

---

[4]The statute provides, in relevant part:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b).

5

Credit against a federal sentence attaches only when the federal detainer is the *exclusive* reason for the prisoner's failure to obtain his release on bail. It appears the BOP resolved the issue of Mr. Santos's detention from December 12, 2002 until December 9, 2005 by explaining that he was serving his state sentence during that period of time. Therefore, he would not be entitled to release from custody "but for" a federal detainer. Petitioner's federal sentence did not begin to run when he was produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retained primary jurisdiction over Mr. Santos, and federal custody commenced only when the state authorities relinquished him on satisfaction of the state obligation. *Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir.1992); *Hernandez v. United States Attorney General*, 689 F.2d 915, 918- 19 (10th  Cir.1982); *Roche v. Sizer*, 675 F.2d 507, 509-10 (2d Cir.1982); *see also Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th  Cir.1991) (producing state prisoner under writ of habeas corpus *ad prosequendum* does not relinquish state custody).

The BOP had to determine whether Mr. Santos was in custody solely by virtue of a federal detainer after December 9, 2005. It determined that he was and credited his federal sentence from the date his state sentence expired on December 9, 2005 until he was sentenced in federal court on October 26, 2006.

### Multiple Sentences

In cases such as the present one, where a federal judge does not specify that a prisoner's state and federal sentences are to run concurrently, the Sixth Circuit has interpreted 18 U.S.C. § 3584(a) to provide that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *United States v.*

*Quintero*, 157 F.3d 1038, 1040 (6th Cir. 1998). Moreover, section 3584(a) permits a district court to impose a sentence to be served consecutively to a yet to be imposed state sentence. *See Id.; United States v. Williams*, 46 F.3d 57, 58-59 (10th Cir.1995); *United States v. Ballard*, 6 F.3d 1502 (11th Cir.1993); *United States v. Brown*, 920 F.2d 1212, 1215-17 (5th Cir.1991); *cf. Salley v. United States*, 786 F.2d 546, 547-48 (2d Cir.1986) (holding that a district court can impose a consecutive sentence to a yet to be imposed state sentence under the statutory scheme that predated section 3584(a)).

Based upon the BOP's determination, petitioner has been fully credited for service of his state sentence. Crediting petitioner's federal sentence for the same length of time the BOP already credited him for the full service of his state sentence is prohibited by statute. *See* 28 U.S.C. § 3585(b)("shall be given credit [. . .] *that has not been credited against another sentence*")(emphasis added.) Even in the *Willis* case cited by petitioner, the prisoner was not entitled to credit on his federal sentence for the period in which he was actually serving his state sentence for offenses unrelated to the federal charges. *Willis*, 438 F.2d at 925.

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.[5] The court certifies that an appeal from this decision could not be taken in good faith.[6]

---

[5]The statute provides, in relevant part:

*     *     *

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ [. . . ], *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[6] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial

7

**IT IS SO ORDERED**.

Dated: June 30, 2008

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

court certifies that it is not taken in good faith."